# IN THE UNITED STATES DISTRICT COURT
# FOR SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| **DATREC, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 0:21-cv-60873 |
| v. ) | |
| ) | |
| **NETSMART TECHNOLOGIES,** ) | |
| **INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

DatRec, LLC ("DatRec") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,381,309 ("the '309 patent") (referred to as the "Patent-in-Suit") by Netsmart Technologies, Inc. ("Netsmart").

**I.    THE PARTIES**

1. Plaintiff DatRec is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

2. On information and belief, Netsmart is a corporation organized and existing under the laws of Kansas, with a principal place of business located at 800 Fairway Dr., Suite 360, Deerfield Beach, FL 33441, in Broward County. On information and belief, Netsmart sells and offers to sell products and services throughout Florida, including in this judicial district, and introduces products and services that perform

infringing methods or processes into the stream of commerce knowing that they would be sold in Florida and this judicial district. Netsmart can be served with process at 4301 W. Boy Scout Blvd., Suite 800 Tampa, FL 33607 or anywhere else it may be served.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court also has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a limited liability company organized under the laws of the State of Texas and Defendants are Florida LLC with a principal, physical place of business in Florida.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Florida and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Florida and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Florida and this District.

### III.   INFRINGEMENT

**A. Infringement of the '309 Patent**

7. On February 9, 2013, U.S. Patent No. 8,381,309 ("the '309 patent", attached as Exhibit B) entitled "Method and System for Ecure Communiocation Over a Public Network" was duly and legally issued by the U.S. Patent and Trademark Office. DatRec, LLC owns the '309 patent by assignment.

8. The '309 patent relates to a novel and improved system for secure communication over a public network.

9. Netsmart maintains, operates, and administers electronic health records through its website at www.Netsmartpracticemanagementsoftware.com, and other sources or websites, that infringe one or more claims of the '309 patent, including one or more of claims 1-17, literally or under the doctrine of equivalents. Defendant

put the inventions claimed by the '309 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the following preliminary table:

| US8381309 B2 | Netsmart Technologies |
|---|---|
| 9. A system for enabling communication between users over a communication network, the system comprising; | © 2021 Netsmart Technologies, Inc. All Rights Reserved. <https://www.ntst.com/> Netsmart Technologies has a system for enabling communication between users over a communication network. |

|  | The reference includes subject matter disclosed by the claims of the patent afterthe priority date. |
|---|---|
| Balance of Page Intentionally Left BlankUS8381309 B2 | **Netsmart Technologies** |
| a server system associated with a database comprising verified data relating an individual, said server system being configured and operable to verify at least some of the dataso as to authenticate an identity of the individual; | ELECTRONIC HEALTH RECORDS<br><br>Our electronic health records (EHRs) offer workflows and functionality designed to meet the unique needs of the care communities you serve. Our EHRs are a key component of the CareFabric™ platform, our comprehensive suite of solutions and services that further extends the connectivity, interoperability and functionality of our electronic health records software.<br><br><https://www.ntst.com/Solutions/By-Capability/Electronic-Health-Records><br><br>The reference describes a server system associated with a database comprising verified data relating an individual, said server system being configured and operable to verify at least some of the data so as to authenticatean identity of the individual. |

Balance of Page Intentionally Left Blank

| US8381309 B2 | Netsmart Technologies |
|---|---|
| determining a level of reliability in authenticity based on correspondence between data on said individual entered by a plurality of related individuals; and | **myEvolv® Essentials**<br><br>EHR designed to meet your unique requirements and thrive in a value-based care setting<br><br>• Built on a scalable platform to adapt as your organization grows and offers new programs<br>• Supports integrated, whole-person care allowing organizations to collaborate with other providers<br><br><https://www.ntst.com/Solutions/By-Capability/Electronic-Health-Records><br><br>The reference describes determining a level of reliability in authenticity based on correspondence between data on said individual entered by a plurality of related individuals. |

| Balance of Page Intentionally Left Blank US8381309 B2 | Netsmart Technologies |
|---|---|
| the system being configured to define one or more levels of permitted communication between individuals in the database and the verified individual on the basis of said verification. | CareConnect™ Inbox supports Direct Secure Messaging, a secure communication mechanism for sending sensitive health information to other trusted parties. While appearing like email, the contents of the message are encrypted. Providers can easily and safely share data with other providers, eliminating the redundancy of diagnostic testing, reducing the cost of care and easing inconvenience for patients and providers alike.<br><br>CareConnect Inbox simplifies communication among care team members, as well as between your organization and the larger healthcare ecosystem. Clinicians can Direct Message team members, send referrals and share clinical information from the Netsmart CareRecord.<br><br><https://www.ntst.com/Offerings/CareConnect-Inbox><br><br>The reference describes the system being configured to define one or more levels of permitted communication between individuals in the database and the verified individual on the basis of said verification. |

These allegations of infringement are preliminary and are therefore subject to change.

11. Netsmart has and continues to induce infringement. Netsmart has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., question and answer services on the Internet] and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–17 of the '309 patent, literally or under the doctrine of equivalents. Moreover, Netsmart has known of the '309 patent and the technology underlying it from at least the date of issuance of the patent.

12. Netsmart has and continues to contributorily infringe. Netsmart has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., question and answer services on the Internet] and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–17 of the '309 patent, literally or under the doctrine of equivalents. Moreover, Netsmart has known of the '309 patent and the technology underlying it from at least the date of issuance of the patent.

13. Netsmart has caused and will continue to cause DatRec damage by direct and indirect infringement of (including inducing infringement of) the claims of the '309 patent.

## IV.   JURY DEMAND

DatRec hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, DatRec prays for relief as follows:

a.   Enter judgment that Defendant has infringed the claims of the '309 patent;

b.   Award DatRec damages in an amount sufficient to compensate it for Defendant's infringement of the '309 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.   Award DatRec an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.   Declare this case to be "exceptional" under 35 U.S.C. § 285 and award DatRec its attorneys' fees, expenses, and costs incurred in this action;

e.   Declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

 f. A decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

 g. Award DatRec such other and further relief as this Court deems just and proper.

DATED: April 23, 2021

Respectfully submitted,

/s/Victoria E. Brieant
Victoria E. Brieant (CA Bar No. 141519)
Law Office of Victoria E. Brieant, P.A.
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Telephone: (305) 413-9026

**Attorneys for Plaintiff
DATREC, LLC**